BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREAT DIVIDE INSURANCE COMPANY,

Plaintiff,

v.

HALLMARK INVESTMENTS, LLC an Alaska Limited Liability Company and ADALBERTO PIONER,

Defendants.

Case No. A05-282 CV

**ANSWER OF HALLMARK INVESTMENTS LLC**
**TO COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW defendant, Hallmark Investments, LLC ("Hallmark"), by and through its attorneys, Bankston Gronning O'Hara, P.C., hereby answers plaintiff Great Divide Insurance Company's (Great Divide) Complaint as follows:

1. Hallmark is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Hallmark is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Hallmark admits the allegations contained in paragraph 3.

4. Hallmark admits the allegations contained in paragraph 4.

5. Hallmark admits the allegations contained in paragraph 5.

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

6. Hallmark admits the allegations contained in paragraph 6.

7. Hallmark admits the allegations contained in paragraph 7.

8. Hallmark admits the allegations contained in paragraph 8.

9. Hallmark admits the allegations contained in paragraph 9.

10. Hallmark admits the allegations contained in paragraph 10.

11. Hallmark denies the allegations contained in paragraph 11.

12. Hallmark denies the allegations contained in paragraph 12.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff failed to provide notice to Hallmark, as required by AS 21.36.235 and .360, of any material changes in coverage between the first and second policies, such that during the second year, Hallmark had all coverage afforded by the first policy, as well as the additional coverage provided under the second policy. Under such policies, there is coverage and a duty to defend the claims asserted by Adalberto Pioner.

### Third Affirmative Defense

Hallmark reserves the right to assert other defenses and affirmative defenses in the future.

WHEREFORE, defendant Hallmark prays for relief as follows:

1. For declaratory judgment that there is insurance coverage and a duty to defend under either or both policies;

2. For dismissal with prejudice of Great Divide's suit;

3. For Hallmark's costs and attorney's fees incurred in defending this action;

4. For such other and further relief as this court deems just and equitable.

DATED this 17th day of February, 2006.

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.
Attorneys for Defendant Hallmark Investments

By:______________________________
s/Chris D. Gronning
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Phone: 907-276-1711
Fax: 907-279-5358
Email: cgronning@bankston.to
Ak Bar No. 8310122

I hereby certify that on the 17th day of February, 2006, a copy of the foregoing Answer of Hallmark Investments LLC to Complaint for Declaratory Relief was served electronically on:

Roger F. Holmes: roger.bh@gci.net

and served by mail on:

Ronald F. Black
Ronald F. Black & Associates, LLC
1500 W. 33rd Avenue, Suite 100
Anchorage, Alaska 99503

Kenneth Gutsch
Richmond & Quinn
360 K Street, Suite 200
Anchorage, Alaska 99501

s/Chris D. Gronning